**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| KENNETH QUASTER, | * | |
| Plaintiff, | * | |
| v. | * | |
| NATIONWIDE INSURANCE COMPANY OF AMERICA, | * | |
| | * | Civil Action No. EA-25-3682 |
| Defendant/Third-Party Plaintiff, | * | |
| v. | * | |
| JESSE ORTIZ-VERA, | * | |
| Third-Party Defendant. | * | |
| | * | |

**MEMORANDUM ORDER**

Plaintiff Kenneth Quaster initiated this action in Circuit Court for Anne Arundel County, Maryland, asserting a breach of contract claim based on the alleged failure of Defendant Nationwide Insurance Company of America (Nationwide) to pay compensatory damages pursuant to an insurance policy following a motor vehicle accident.[1]  ECF No. 5.  On November 10, 2025, Nationwide removed the case to this Court on the basis of diversity jurisdiction.  ECF No. 1.  On November 24, 2026, the Honorable Brendan A. Hurson referred this case to the undersigned for all proceedings pursuant to 28 U.S.C. § 636 and Local Rules 301 and 302 (D. Md. Dec. 1, 2025).  ECF No. 11.  Pending before the Court are (1) Nationwide's motion to compel compliance with a third-party subpoena (ECF No. 28) and (2) correspondence regarding a discovery dispute (ECF No. 29).  The undersigned held a conference on May 12, 2026, to resolve these matters.  ECF No. 31.  Each issue is addressed in turn below.

---

[1]  The date on which Plaintiff Kenneth Quaster initially filed suit is unclear from the face of his Complaint.  ECF Nos. 1-3; 5.

First, as to the pending motion, Nationwide seeks to compel Manhattan Parking Group, 530 West 30th Street, New York, New York, 10001, to produce evidence pursuant to a subpoena. ECF Nos. 28; 28-2. It is unclear whether the subpoena was properly issued or served, as it does not bear the Court's seal and is not accompanied by proof of service. Fed. R. Civ. P. 45(a)(3), (b)(4); ECF No. 28-2 at 3, 10.[2] Further, to the extent that the subpoena calls for the production of documents from an entity in New York, New York, to an office in Pittsburgh, Pennsylvania, it is unclear whether the subpoena complies with the 100-mile geographic limit contained in Federal Rule of Civil Procedure 45. Fed. R. Civ. P. 45(c)(2)(A); ECF No. 28-2 at 3. To be sure, "courts have found no violation of the rule's geographic limit where the subpoena recipient is instructed to produce the documents electronically, via mail, or at a location within the 100-mile limit." *Brooks* v. *St. Charles Hotel Operating, LLC*, Civil Action No. DLB-23-208, 2024 WL 3370580, at *4 (D. Md. Feb. 12, 2024) (Aslan, J.) (collecting cases). Here, however, there is no indication on the face of the subpoena or the accompanying cover letter as to how the third-party recipient may produce the requested materials. ECF No. 28-2 at 1, 3. Notwithstanding these potential deficiencies, the undersigned must deny the motion because this Court lacks jurisdiction to enforce compliance with the subpoena in another federal judicial district. Fed. R. Civ. P. 45(d)(2)(B)(i) (providing that "the serving party may move the court for the district where compliance is required for an order compelling production"); *In re Subpoena Served on Regent Educ., Inc.*, Civil Action No. ELH-17-3541, 2017 WL 6368618, at *1 (D. Md. Dec. 13, 2017) (finding that "this Court ha[d] jurisdiction to enforce the subpoena under Fed. R. Civ. P. 45(d)(2)(B)(i) related to "litigation pending in federal court in Florida" because the recipient's "principal place of business [was] in Maryland").

---

[2] Page numbers refer to the pagination of the Court's Case Management/Electronic Case Files (CM/ECF) system printed at the top of the cited document.

Second, as to the pending discovery dispute, Nationwide outlines a pattern on behavior on the part of Mr. Quaster that reflects a failure to engage in the conduct of discovery. ECF No. 29. According to the representations of counsel, Nationwide propounded written discovery on Mr. Quaster on December 4, 2025, responses to which were due on January 3, 2026. *Id.* at 1. When no response was received, Nationwide sent "overdue discovery" letters on January 12, 2026, and February 3, 2026, and requested a status update via email on March 24, 2026. *Id.* At the May 12, 2026 conference, Nationwide represented that it has now received unsigned discovery responses. ECF No. 31. Counsel for Mr. Quaster explained that it has been difficult to locate and communicate with his client, and that they last communicated on May 6, 2026. *Id.* Pursuant to the operative Scheduling Order, discovery closes on June 25, 2026. ECF No. 24.

Mr. Quaster is advised that pursuant to Federal Rule of Civil Procedure 37, failure to comply with a discovery order such as this one may result in the imposition of sanctions. Potential sanctions include:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2). Importantly, "[c]ourts in the Fourth Circuit have found that a party's failure to respond to interrogatories or respond to court orders requiring appearance at a

deposition can properly result in dismissal or default." *Adeyemi* v. *Amazon.com Servs. LLC*, Civil Action No. GLR-21-2488, 2024 WL 771538, at *4 (D. Md. Feb. 23, 2024) (Aslan, J.) (collecting cases), *report and recommendation adopted*, 2024 WL 1259438 (D. Md. Mar. 14, 2024), *aff'd*, No. 24-1245, 2024 WL 3617574 (4th Cir. Aug. 1, 2024).

In light of the foregoing, and for the reasons stated on the record during the May 12, 2026 conference, it is hereby ORDERED that:

1. Nationwide's motion to compel compliance with a subpoena (ECF No. 28) is DENIED; and

2. Mr. Quaster is directed to fully respond to Nationwide's pending discovery requests on or before May 20, 2026. Mr. Quaster is forewarned that failure to do so may result in the imposition of sanctions pursuant to Rule 37(b)(2).

Date: May 12, 2026

/s/
Erin Aslan
United States Magistrate Judge