**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| KENNETH QUASTER, | * | |
| Plaintiff, | * | |
| v. | * | |
| NATIONWIDE INSURANCE COMPANY OF AMERICA, | * | |
| | * | **Civil Action No. EA-25-3682** |
| Defendant/Third-Party Plaintiff, | * | |
| v. | * | |
| JESSE ORTIZ-VERA, | * | |
| Third-Party Defendant. | * | |
| | * | |

**MEMORANDUM ORDER**

Plaintiff Kenneth Quaster initiated this action in Circuit Court for Anne Arundel County, Maryland, asserting a breach of contract claim based on the alleged failure of Defendant Nationwide Insurance Company of America (Nationwide) to pay compensatory damages pursuant to an insurance policy following a motor vehicle accident.[1]  ECF No. 5.  On November 10, 2025, Nationwide removed the case to this Court on the basis of diversity jurisdiction.  ECF No. 1.  On December 4, 2025, Nationwide filed a third-party Complaint against the motorist involved in the accident, Jesse Ortiz-Vera.[2]  ECF No. 15.  Pending before the Court is the issue of Mr. Quaster's failure to heed the Court's discovery orders.  For the reasons set forth below, the Court will sanction Mr. Quaster pursuant to Federal Rule of Civil Procedure 37.

---

[1]  The date on which Plaintiff Kenneth Quaster initially filed suit is unclear from the face of his Complaint.  ECF Nos. 1-3; 5.

[2]  With the original parties' consent, this case was referred to the undersigned for all proceedings pursuant to 28 U.S.C. § 636 and Local Rules 301 and 302 (D. Md. Dec. 1, 2025).  ECF Nos. 10–12.  Third-Party Defendant Jesse Ortiz-Vera, who entered the case after the case reassignment, must file his consent or declination on or before June 5, 2026.  ECF No. 36.

On April 29, 2026, Nationwide advised the Court that Mr. Quaster had failed to respond to written discovery requests that it had propounded on December 4, 2025. ECF No. 29. On May 12, 2026, the undersigned held a discovery conference, at which time counsel for Mr. Quaster represented that he had been unable to get into contact with Mr. Quaster, which was the cause of the delay in responding to Nationwide's discovery requests. ECF No. 31. That same day, the undersigned ordered Mr. Quaster to respond to the outstanding discovery request by May 20, 2026, and advised that failure to do so could result in the imposition of sanctions. ECF No. 32. On May 26, 2026, Nationwide advised the Court that Mr. Quaster's discovery responses remained outstanding. ECF No. 33. The Court then scheduled a hearing for June 2, 2026, and directed Mr. Quaster to appear personally and show cause as to why the Court should not sanction him. ECF No. 34. Counsel for all parties appeared at the hearing; Mr. Quaster did not. ECF No. 35. Mr. Quaster's counsel represented to the Court that he attempted to contact Mr. Quaster on May 15, 16, 20, 26, and 29, 2026, to secure his approval and signature on the discovery responses. Mr. Quaster did not sign them until the morning of the show-cause hearing. Counsel confirmed that he informed Mr. Quaster of the date and time of the hearing and of the Court's Order that Mr. Quaster appear personally. Counsel represented that Mr. Quaster did not appear because he was "at work."

As the Court advised Mr. Quaster previously, the failure to comply with the Court's discovery order may result in the imposition of sanctions. Potential sanctions include:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

> (iii) striking pleadings in whole or in part;

> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2).  This rule further provides, as relevant here, that "[i]nstead of or in addition to the orders above, the court must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(b)(2)(C); *see also* Fed. R. Civ. P. 37(d)(3) (authorizing imposition of the same sanctions listed above and an award of fees and expenses when a party fails to, among other things, serve answers to interrogatories).  "Notably, unlike most sanctions under Rule 37(d)(3), which the Court 'may' order, the Court 'must' impose on the party at fault the moving party's expenses incurred due to the other party's failure to," among other things, serve answers to interrogatories.  *Diamond* v. *Bon Secours Hosp.*, Civil Action No. WMN-09-865, 2010 WL 11549876, at *3 (D. Md. Apr. 15, 2010) (Grimm. J.) (quoting Fed. R. Civ. P. 37(d)(3)); *see also* Fed. R. Civ. P. 37(b)(2)(C) (utilizing the same mandatory language with respect to an award of fees and costs based on a failure to comply with discovery orders); *RLI Ins. Co.* v. *Nexus Servs.*, No. 5:18-CV-00066, 2022 WL 17352443, at *2 (W.D. Va. Dec. 1, 2022), *report and recommendation adopted*, 2023 WL 6786790 (W.D. Va. June 26, 2023) (discussing Rules 37(a)(5)(A) and (b)(2)(A)).  Furthermore, a court may rely on its inherent authority to enforce its orders.  *RLI Ins. Co.*, 2022 WL 17352443, at *2.  Before ordering a party to pay such costs and fees, the Court must find that the requested fees and costs are reasonable.  *Gordon* v. *New England Tractor Trailer Training Sch.*, 168 F.R.D. 178, 180 (D. Md. 1996).

3

Here, Mr. Quaster's failure to respond to written discovery requests for nearly six months is not substantially justified. Indeed, no justification for Mr. Quaster's behavior has been offered. Instead, Counsel explained that Mr. Quaster was unresponsive to Counsel's outreach. ECF Nos. 31; 35. Likewise, there was no justification offered for Mr. Quaster's failure to appear at the show-cause hearing as directed. Counsel merely stated that Mr. Quaster was otherwise engaged ("at work"). Nothing has been brought to the Court's attention that would suggest that an award of reasonable fees and expenses would be unjust, particularly considering the fact that Mr. Quaster is employed. *Diamond*, 2010 WL 11549876, at *4 (awarding monetary sanctions where there was "no justification, let alone substantial justification," offered, and no circumstances that rendered such an award unjust, including the plaintiff's unemployment).

Mr. Quaster is forewarned that further disregard of court orders or the Federal and Local Rules that govern discovery may result in the dismissal of this case.

In light of the foregoing, it is hereby ORDERED that:

1. Mr. Quaster will pay the reasonable expenses and attorney's fees that Defendants incurred in connection with Nationwide's efforts to secure Mr. Quaster's discovery responses, including court filings and proceedings (including travel, preparation, and attendance) related to Mr. Quaster's discovery failures. *See* ECF Nos. 29, 31, 33, 35;

2. Defendants will file via CM/ECF on or before June 9, 2026, itemized certifications of attorney's fees and expenses incurred in connection with the matters outlined above, which the undersigned will review for reasonableness;

3. Mr. Quaster may file any objection via CM/ECF on or before June 16, 2026; and

4. Defendants will not file a reply absent further Order of the Court.

Date:  June 2, 2026

_____/s/_____
Erin Aslan
United States Magistrate Judge